O’Neall J.
delivered the opinion of the Court.
The first ground which relates to the sufficiency of the proof to establish the trespass, has been put at rest by the verdict. Whatever might have been the doubt before, after the jury have held that the evidence satisfied them, that the defendant committed the trespass, there can surely be no room to say that the judge below ought to have ordered a non-suit. The second ground makes the question, whether trespass to try title, by one in possession against one, who enters upon him and commits a trespass, will lie? In such a case I have always supposed that the plaintiff had his choice to bring trespass quare clausum fregit, or trespass to try title. In the former, he would have the advantage of standing on his possession, and throwing upon the defendant the burden of shewing a paramount title: in the other, he waives this advantage, and takes upon himself the burden of shewing title. This is no disadvantage to the defen *80 dant, and there can therefore be no reason in turning the plaintiff round when he has brought this action. It is in form an action of trespass, quare clausum fregit; the only matter which renders it different is the notice required to be given, that it is brought as well to try titles as to recover damages, and that in it the plaintiff may have his writ of possession. The action itself proceeds upon the notion, that the defendant has entered upon the possession actual or implied of the plaintiff. The defendant is called upon by the writ to answer to the plaintiff of a plea of trespass, wherefore with force and arms he broke and entered the plaintiff’s close, &c. When the plaintiff shews actual possession, it may be perhaps in trespass to try title, prima facie enough to entitle him to recover. He certainly does not weaken his case, when he shews both title and possession. If he is able to follow up such proof by shewing the defendant’s entry and trespass on the land, it entitles him to recover, on the grounds of title, and that the defendant by his entry has asserted an adverse claim.
The 4th section of the Act of ’91, 5 Stat., 170, provides, “that the method of trying titles to lands or tenements within this State shall be henceforward by action of trespass, wherein the real names of the plaintiff and defendant shall be used, and not fictitious names; and if the jury shall find for the plaintiff, they are also hereby empowered in the same verdict to award damages for mesne profits, and the judgment shall be entered on such verdict as well for damages as for the recovery of the land, and the plaintiff on such judgment shall be entitled to a writ of possession for the land, and an execution for his damages.” This simplified very much the mode of proceeding in the recovery of the land. The whole body of fictions, in the action of ejectment, was at once destroyed, and parties were left, in their own names, whenever there was a contest about lands, to make claim and defend the same. The only prerequisite was, that there should be a trespass. This was also brought to the attention of the Court in the case of Massey v. Trantham, 2 Bay, 421. Then it was supposed by the venerable Judge who heard the case on the circuit, that the question of title dispensed with the proof of a trespass: but the Constitutional *81 Court held, that some trespass must be proved. When this point was decided, it necessarily led to the conclusion that a trespass was the assertion of a hostile right, and that it occupied in this action the same place that the fictitious ouster did in the action of ejectment. The latter was an admission on the record, that the defendant had turned the plaintiff out of possession: the trespass is an actual ouster of the plaintiff from whatever part of the land the defendant may enter upon. Looking to the case in this way, there can be no difficulty in saying that the plaintiff in possession may, if he chooses, regard every entry on his land by a third person as an ouster, and bring trespass to try titles. I have no doubt, that a defendant, who has no claim to the land, may avoid the consequences of such an action by confessing the trespass, disclaiming title, and tendering the damages. But a defendant, who puts in the general issue plea, and drives the plaintiff to the proof of his title and the trespass, has no claim to the protection of the Court against an action which his act has induced, and which bis perverseness has continued. In this particular case, the plaintiff lives on the extreme corner of a six thousand acre survey: the defendant lives upon a small grant lying in a distant portion of the survey, and which was, according to law. platted out in the survey accompanying the plaintiff’s grant, Near this place were the trespasses complained off; no one could tell whether the defendant had or had not actually committed them under a belief of title. The legal presumption was, that they were committed under a title supposed by the defendant to be valid; and such turned out to be the fact. For when he was driven into his defence, he undertook to shew that he was tenant in common with the plaintiff.
The 1st, 2d, and Sd grounds for new trial depend upon the question whether Jesse Ford had any legal title as the grantee of Dawson Waters, to any part of the land. It is perfectly clear he had not. His receipt and bond together constitute no conveyance of any thing. At the most they could only operate as an equity upon which Ford might compel Waters to convey to him his interest in the land. But this gives neither title nor *82 right of possession, and hence cannot justify the defendant’s trespass.
The motions for non-suit and new trial are dismissed.
Richardson J., Evans J., Butler J., and Wardlaw J., concurred.